# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS JAMES ROCCO,** | : | CIVIL NO: 1:12-CV-829 |
| **Plaintiff** | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **TABB BICKEL, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.  Background

This case calls upon us to consider the legal consequences of mortality.

The Plaintiff, Louis Rocco, a state inmate who, proceeding *pro se,* filed this civil rights action on May 4, 2012. (Doc. 1.) On January 28, 2013, we were assigned to this matter, and entered several scheduling orders in this case. (Docs. 39-40.) Copies of those orders were mailed to Rocco, but returned undeliverable with the notation that the Plaintiff was deceased. (Doc. 41-42.) On March 18, 2013, we then directed the Defendants, who had held Rocco as a state prisoner, to file a suggestion of death if, in fact, inmate Rocco was dead, and to serve a copy of that suggestion of death and this Court's order upon Rocco's next of kin. (Doc. 43.) Our March 18 order then provided that: "A motion for substitution then must be filed, proposing to

1

substitute a new representative party . . . on or before **July 1, 2013**. If no such motion is filed, this action may be dismissed pursuant to Rule 25." (Doc. 43.) The Defendants complied with this instruction by filing a suggestion of death on March 20, 2013, and serving this document upon the Plaintiff's next of kin. (Doc. 44.) The July 1, 2013, deadline for filing a motion to substitute a representative for the deceased Plaintiff has now passed, without the filing of a request to substitute a new party-plaintiff in this case. Therefore, this matter is now ripe for resolution.

For the reasons set forth below, pursuant to Rule 25 of the Federal Rules of Civil Procedure it is recommended that this case be dismissed.

## II. <u>Discussion</u>

Under Rule 25(a) of the Federal Rules of Civil Procedure, Rocco's death now affects the viability of this lawsuit. Rule 25 provides that:

> **(a) Death.**
>
> **(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made . . . , the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

Federal Rule of Civil Procedure 25(a)(1) further instructs that: "[I]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.

2

A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by and against the decedent must be dismissed." (Id.).

Under Rule 25, substitution of parties upon the death of a defendant may be considered "If a party dies and the claim is not extinguished . . . ." Thus, at the outset we must determine whether Rocco's claim was extinguished by his death. In this regard, determination of whether a civil rights claim brought under 42 U.S.C. §1983 survives a party's death is generally made in accordance with state law. See Robertson v. Wegmann, 436 U.S. 584, 588-89 (1978). Pennsylvania law, however, broadly favors the survival of civil actions following the death of a party. See, e.g., 20 Pa. C.S.A. §§3371-3373, 42 Pa C.S.A. §8301. Therefore, we conclude that this action was not automatically extinguished by Rocco's death.

Having reached this conclusion, however, we must next determine whether there is a proper substitute party, who is willing and able to step forward to prosecute this case. In this regard, "[d]ecisions on . . . substitution are within the trial court's discretion." McKenna v. Pacific Rail Service, 32 F.3d 820, 836 (3d Cir. 1994). The language of Federal Rule of Civil Procedure 25(a)(1), which provides that the court "may order substitution of the proper party" is plainly permissive. Therefore,"the

decision whether to substitute parties lies within the discretion of the trial judge and [the court] may refuse to substitute parties in an action even if the party so moves." Froning's, Inc. v. Johnston Feed Serv., Inc., 568 F.2d 108, 110 n. 4 (8th Cir. 1978).

In determining whether a proper representative exists that may be substituted for a deceased party, we may consider substitution of the "decedent's successor or representative." In Sinito v. U.S. Department of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999), the court noted that the Federal Rule of Civil Procedure 25 allows for the substitution of a "successor" for a deceased party, a term which means that a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate. Id. Rather, the purpose of Federal Rule of Civil Procedure 25 is to allow more flexibility in substitution. Rende v. Kay, 415 F.2d 983, 984 (D.C. Cir. 1969). As to who may be substituted as a proper party successor for a deceased defendant, it has been held that in this setting:

> [Under] certain circumstances a person may be a "successor" under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

In re Baycol Products Litigation, 616 F.3d 778, 784-5 (8th Cir. 2010)(citations omitted).

Yet, while the language of the rule allows for greater flexibility in the substitution of appropriate successor parties, the animating principle that governs the exercise of our discretion remains the same: "It is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party." Sinito v. U.S. Department of Justice, 176 F.3d at 516. In this regard:

> Because the purpose of Rule 25(a)(1) is to protect the estate of the decedent, district courts must ensure only "those individuals who can adequately represent the interests of the deceased party" are substituted under the Rule. Sinito, 176 F.3d at 516. District courts should therefore look at the facts and circumstances of each case and then determine whether the person [to be] substitute[d] will sufficiently prosecute or defend the action on the decedent's behalf.

In re Baycol Products Litig., 616 F.3d at 788.

Because Rule 25(a) looks to the facts and circumstances of each case and then determines whether the person to be substituted will sufficiently defend the action on the decedent's behalf, matters of substitution are not defined mechanically by the mere fact that a person is related through blood or marriage to the decedent. See Robertson v. Wood, 500 F.Supp. 854 (S.D. Ill. 1980). In short, a substitute party's capacity to litigate, rather than any coincidence of biology, is what controls here. See Tamburo v. Dworkin, No. 04-3317, 2012 WL 104545 (N.D. Ill. Jan. 11, 2012)(declining to appoint children of penniless defendant as substitute parties).

Furthermore, Rule 25(a)'s use of the term "successor" necessarily implies that there is some decedent's estate or interest which remains and as to which the substituted party has succeeded.

These principles control here, and lead us to recommend dismissal of this action. In this case, a proper suggestion of death was filed, but no substitute party has come forward volunteering to prosecute this case, and the 90 days notice period provided for under Rule 25 has now passed without any action by Rocco's next of kin to be substituted as representative parties in this litigation. In this setting, where a party has died and after notice no new representative party comes forward, the dictates of Rule 25 are clear: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made . . . , the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a).

### III. Recommendation

Accordingly, IT IS RECOMMENDED that the this case be dismissed pursuant to Fed. R. Civ. P., Rule 25(a).

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of July 2013.

                                      ***S/Martin C. Carlson***
                                      Martin C. Carlson
                                      United States Magistrate Judge